Mr. Justice Clayton
delivered the opinion of the court.
The objection to the bond and affidavit in the cause cannot prevail. The bond is in exactly double the amount sworn to, but the condition states the debt at ten dollars more than the affidavit. The latter must control. It is the foundation of the whole proceeding, and the condition cannot control it.
But the other objection is of more force. The attachment was against a non-resident defendant, and was executed by a constable. The statute which authorizes a constable to execute attachments against absconding debtors, is enabling in its character. H. & H. 556, § 35. Without its aid, where the writ is returnable into the circuit court, such officer could not execute it. We are not authorized to extend it beyond the limit prescribed by the legislature.
Before the defendant moved to quash the attachment, the property had been replevied, and consequently released. The bond was not binding because taken by an improper officer, and one not authorized to levy the attachment. This was good cause for setting aside the bond, and the levy and return of the attachment. But this could not operate to affect the attachment itself. That was legally issued, and any impropriety in its exe *348 cution, could not relate back so as to avoid the process itself. The court went too far, therefore in quashing the attachment. It should have set aside the levy, the return and the bond, and as the defendant was then in court, having entered his appearance, should have required him to plead to the action. For this error, the judgment will be reversed, and the cause remanded for further proceedings, in conformity with this opinion.
Judgment reversed.